**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 2 9 2016

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT
## JONESBORO DIVISION

**JERRY MROSS**                                                            **PLAINTIFF**

**V.**                                  CASE NO.: *3:16-cv- 00223 KGB*

**E&S CONTRACTING, INC.;**
**SHAFT DRILLERS INTERNATIONAL, LLC**
**d/b/a COASTAL DRILLING EAST, LLC; and**
**MARK MCDANIELS, Individually**            *This case assigned to District Judge* **BAXER** **DEFENDANTS**
                                   *and to Magistrate Judge* **HARRIS**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, separate defendants, E&S

Contracting, Inc. and Mark McDaniels ("separate defendants")hereby give notice of

the removal of this action from the Circuit Court of Crittenden County, Arkansas, to

the United States District Court for the Eastern District of Arkansas, Jonesboro

Division. In support of this notice of removal, separate defendants state the

following:

1.      This lawsuit is a civil action within the meaning of the Acts of

Congress relating to the removal of cases.

2.      This case was originally filed on July 18, 2016, in the Circuit Court of

Crittenden County, Arkansas as civil action number CV-2016-417 on the docket of

that court. Plaintiff, Jerry Mross alleges a cause of action for negligence arising

from an automobile accident that occurred in Crittenden County on December 4,

2015.

3.      Defendant E&S Contracting, Inc. ("E&S Contracting") was served with

summons and complaint on August 2, 2016. Defendant Mark McDaniels

1333366-v1

("McDaniels") was served with the summons and complaint on July 30, 2016. On information and belief, Defendant Shaft Drillers International, LLC, d/b/a Coastal Drilling East, LLC[1] has not been served yet with summons and complaint but are consenting to this removal.

4. This Notice of Removal is filed within thirty days after service of the summons and complaint on E&S Contracting and on Mark McDaniels, and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b)(2)(B). Copies of all process, pleadings and orders served upon separate defendants in the state court action are attached as Exhibit "A."

5. This case is removed pursuant to 28 U.S.C. § 1441(a) and (b). Jurisdiction in the United States District Court for the Eastern District of Arkansas is based on the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a).

6. This case has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the matter in controversy exceeds $75,000, excluding interest and costs.

7. On information and belief, separate defendants state that at the time the complaint was filed and at the time of removal, Mross was a citizen of Arkansas for the purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441. *See* Exhibit A, Plaintiff's Complaint ¶3 *and* 28 U.S.C. § 1332(c)(2).

---

[1]On information and belief, this defendant was improperly identified in Plaintiff's Complaint. However, Plaintiff's counsel has agreed to amend Plaintiff's Complaint to voluntarily dismiss Shaft Drillers International, LLC and proceed against separate defendant Coastal Drilling East, LLC, the proper entity.

8.     Defendant McDaniels is presently a resident and citizen of Grafton, West Virginia, and was a resident and citizen of Grafton, West Virginia at the time of the accident giving rise to this lawsuit. McDaniels is an employee of E&S.

9.     Defendant E&S Contracting is incorporated in West Virginia and has its principal place of business in Shinnston, West Virginia. Therefore, for purposes of diversity, it is a citizen of West Virginia. *See* 28 U.S.C. § 1332(c).

10.     Likewise Shaft Drillers International, LLC, d/b/a Coastal Drilling East, LLC, which are both completely distinct and separate entities, (and to be properly identified only as Coastal Drilling East, LLC) are both citizens of Pennsylvania. A defendant that is a limited liability company has the citizenship of its members for the purposes of diversity jurisdiction. *Onepoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir. 2007)(stating that for purposes of diversity jurisdiction, the citizenship of a limited liability company "is the citizenship of each of its members")(citing *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004). On information and belief, all members of Shaft Drillers International, LLC, d/b/a Coastal Drilling East, LLC (and to be properly identified only as Coastal Drilling East, LLC) are residents of Pennsylvania. Because a limited liability company has the citizenship of its member(s) for purposes of diversity jurisdiction, Shaft Drillers International, LLC, d/b/a Coastal Drilling East, LLC (and to be properly identified only as Coastal Drilling East, LLC) is a citizen of Pennsylvania.

11.     Complete diversity of citizenship exists between plaintiff (who is a citizen of Arkansas) and the defendants (all of whom are citizens of states other than Arkansas).

12.     The amount in controversy exceeds $75,000, excluding interest and costs. (*See* Exhibit A in the WHEREFORE clause of the complaint stating that plaintiff is seeking a judgment from defendants "in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity.") 28 U.S.C. § 1446(c)(2).

13.     Because there is complete diversity of citizenship and an amount in controversy exceeding $75,000, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), and removal of the case to this Court is proper pursuant to 28 U.S.C. § 1441(b).

14.     Pursuant to 28 U.S.C. § 1446(b), this notice of removal has been filed within thirty days of separate defendants being served in this matter.

15.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon separate defendants in the state court action are attached as Exhibit "A." Attached as Exhibit "B" is an amended complaint that plaintiff filed on August 15, 2016. The substance of the amendments to the complaint is to correct the previously improperly named Shaft Drillers International, LLC and Coastal Drilling East, LLC defendants. Since both of these separate entities are citizens of Pennsylvania for purposes of removal, the amendment to the complaint does not affect the merits of this notice.

16.     In addition to separate defendants, Shaft Drillers International, LLC d/b/a Coastal Drilling East, LLC (and to be properly identified as Coastal Drilling East, LLC or "Coastal Drilling"), is a named defendant in this action.  Coastal Drilling and Shaft Drillers consent to this removal as evidenced by the written consent attached as Exhibit "C."  Therefore, all properly joined and served defendants therefore join in or consent to the removal of this action to federal court as required by 28 U.S.C. § 1446(b)(2). Further, even named defendants not yet served consent to the removal.

17.     In accordance with 28 U.S.C. § 1446(d), separate defendants will file a file-marked copy of this notice of removal with the Circuit Clerk of Crittenden County, Arkansas, and will serve notice of the removal in writing on counsel for plaintiff.

18.     The United States District Court for the Eastern District of Arkansas, Jonesboro Division, embraces the county in which the state court action is now pending.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441.

19.     Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, separate defendants, E&S Contracting, Inc. and Mark McDaniels, Individually, hereby remove this action from the Circuit Court of Crittenden County, Arkansas, to the United States District Court for the Eastern

District of Arkansas, Jonesboro Division, and seek resolution by this Court of all

issues raised herein.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> Fax: (501) 376-9442
> E-mail: jsallings@wlj.com
>
> By _____
> Jerry Sallings (84134)
> Antwan D. Phillips (2010027)
> *Attorneys for E&S Contracting, Inc. and
> Mark McDaniels*

## CERTIFICATE OF SERVICE

On August **26**, 2016, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which shall send notification of the filing to

the following:

> **Bill Stanley**
> **Jared Woodard**
> bill@stanleywoodard.com
> jared@stanleywoodard.com
>
> **J. Carter Fairley**
> cfairley@barberlawfirm.com
>
> **Robert L. Henry, III**
> rhenry@barberlawfirm.com

_____
Jerry J. Sallings

1333366-v1

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**JERRY MROSS**                                                          **PLAINTIFF**

**vs.**                        CASE NO.: CV 2016-417

**E&S CONTRACTING, INC;**                                               **DEFENDANTS**
**SHAFT DRILLERS INTERNATIONAL, LLC**
**d/b/a COASTAL DRILLING EAST, LLC; and**
**MARK MCDANIELS, individually**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Via agent for service:          E&S Contracting, Inc.
                                Stephen Moore
                                Route 1 Wyatt Rd.
                                Shinnston, WV 26431

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Jared Woodard, Stanley & Woodard, PLC, 326 S. Church Street, Jonesboro, AR 72401

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Address of Clerk's Office

Crittenden County Circuit Court
100 Court St.
Marion, AR 72364-1802

[SEAL]

CLERK OF COURT

Terry Hawkins - Clerk

*Sarah Sauo_____*
[Signature of Clerk or Deputy Clerk]

Date: _7/18/16_____

EXHIBIT

A

vs.                                      CASE NO.: CV 2016-317

E&S CONTRACTING, INC.                                    DEFENDANTS
SHAFT DRILLERS INTERNATIONAL, LLC
d/b/a COASTAL DRILLING EAST, LLC and
MARK MCDANIELS, Individually

## SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

Via agent for service:        Mark McDaniels
                              607 West Main
                              Grafton, WV 26354

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are: Jared Woodard, Stanley & Woodard, PLC, 326 S. Church Street, Jonesboro, AR
72401.

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

                                      CLERK OF COURT

Address of Clerk's Office             Terry Hawkins - Clerk

Crittenden County Circuit Court
100 Court St.
Marion, AR 72364-1802                 [Signature of Clerk or Deputy Clerk]

                                      Date:  7-18-16

[SEAL]

No. _____ **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐    I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date]; or

☐    I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐    I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

☐    I delivered the summons and complaint to _____[name of individual], an
agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐    I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I
served the summons and complaint on the defendant by certified mail, return receipt
requested, restricted delivery, as shown by the attached signed return receipt.

☐    I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I
mailed a copy of the summons and complaint by first-class mail to the defendant together
with two copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐    Other [specify]: _____

☐    I was unable to execute service because: _____
_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____ [Signature of server]

_____
[Printed name, title, and badge number]


**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                          [Signature of server]


                          _____
                          [Printed name]

Address: _____

         _____

Phone: _____


Subscribed and sworn to before me this date: _____


                          _____
                          Notary Public



My commission expires: _____



Additional information regarding service or attempted service:

_____

_____

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
### CIVIL DIVISION

JERRY MROSS                                                    PLAINTIFF

vs.                         CASE NO.: CV 2016-417

E&S CONTRACTING, INC;                                         DEFENDANTS
SHAFT DRILLERS INTERNATIONAL, LLC
d/b/a COASTAL DRILLING EAST, LLC; and
MARK MCDANIELS, individually

### COMPLAINT

COMES NOW Plaintiff JERRY MROSS by and through his attorneys, STANLEY &

WOODARD, PLC and for his Complaint against Defendants E&S CONTRACTING, INC.;

SHAFT DRILLERS INTERNATIONAL, LLC d/b/a COASTAL DRILLING EAST, LLC; and

MARK MCDANIELS, individually, states as follows:

#### JURISDICTIONAL STATEMENT

1.      Plaintiff, Jerry Mross, is a resident of 4301 Hwy 183, Cherry Valley, AR 72324.

2.      Defendant E&S Contracting, Inc. (hereinafter "E&S") is foreign for-profit

interstate trucking company located at Route 1 Wyatt Rd, Shinnston, West Virginia, 26431.

Service of process may be made on this defendant via Stephen Moore, President of E&S

Contracting, Inc.

3.      Defendant Shaft Drillers International, LLC d/b/a Coastal Drilling East, LLC.

(hereinafter "Coastal Drilling") is a foreign for-profit shaft and geotechnical construction

company located at 130 Meadow Ridge Rd., Mt. Morris, PA 15349.  Service of process may be

made on this Defendant via Corporation Service Company, 300 S. Spring St., Little Rock, AR,

72201.

4.     Defendant Mark McDaniels is a resident of 607 West Main, Grafton, West Virginia, 26354.

5.     This cause-of-action concerns a December 4, 2015 incident on Hwy 64 in Crittenden County between Plaintiff and an oil rig owned by Defendant Coastal Drilling being transported by Defendant McDaniels on a tractor trailer owned by Defendant E&S.

6.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

7.     Pursuant to Ark Code Ann. §§ 16-13-201 and 16-55-213(1), jurisdiction and venue are proper in this court.

### FACTUAL ALLEGATIONS

8.     Defendant E&S was engaged in the business of a motor carrier engaged in interstate commerce, operating commercial vehicles and subject to the rules and regulations of the United States Federal Highway Administration, Department of Transportation, using the roads and highways of the United States and specifically, the State of Arkansas. Defendant E&S was the employer of Defendant McDaniels on December 4, 2015.

9.     Both the tractor and trailer operated by Defendant McDaniels are commercial motor vehicles as defined by federal regulations and each vehicle is subject to the inspection, maintenance, insurance, and operational limitations requirements of the regulations promulgated by the Federal Highway Administration and Department of Transportation.

10.     Defendant Coastal Drilling owned a 31.5-foot oil rig (hereinafter "oil rig") that was being used by employees or representatives of Coastal Drilling in Heber Springs, Arkansas. After the oil rig was used, it was loaded by employees of Defendant Coastal Drilling on a flat-bed trailer owned by Defendant E&S.

2

11.    Plaintiff brings this suit to recover for personal injuries and damages sustained in a crash with the oil rig. This collision and the resulting injuries to Plaintiff were proximately caused by the negligence of the Defendants.

12.    On or about December 4, 2015, Plaintiff was driving a 2010 Toyota Corolla and traveling west on Hwy. 64 in rural Crittenden County, Arkansas. Defendant McDaniels was operating a 2004 Kenworth tractor owned by and bearing the logo of Defendant E&S and bearing West Virginia plate number BA528888 and trailer bearing West Virginia plate number D144933 while hauling the oil rig, previously loaded by Defendant Coastal Drilling.

13.    Defendant McDaniels was traveling east on Hwy 64 in rural Crittenden County, Arkansas. As Plaintiff's vehicle approached Defendant, McDaniels' tractor-trailer, an unsecured arm of the oil rig was stretched out into the westbound lane of traffic. Plaintiff did not see the unsecured arm until it was too late and violently collided with same, resulting in the top of his vehicle nearly sheared off. The force of the impact caused catastrophic injuries and damages to Plaintiff.

## NEGLIGENCE

12.    Plaintiffs will show that the acts and/or omissions of negligence of the Defendants, as set forth herein, separately and collectively, were the direct and proximate cause of the injuries and damages sustained by Plaintiff. The acts and omissions of negligence of the Defendants among others, are as follows:

(a)    Driver inattention;

(b)    Failing to operate his vehicle at a proper speed under the circumstances then and there existing;

(c)    Failing to keep a proper lookout for other vehicles using the roadway;

(d)    Failing to keep a proper lookout for potential hazards in the roadway;

3

(e)    Failing to properly secure the load being transported;

(f)    Failing to ensure the load was properly secured at all times during transport;

(g)    Failing to ensure the load was not interfering with other vehicles;

(h)    That said Defendants failed to follow the United States Department of Transportation rules and regulations controlling a commercial driver operating a commercial vehicle in interstate commerce;

(i)    That said Defendants failed to follow the rules and regulations of the State of Arkansas of controlling a commercial driver operating a commercial vehicle in the State of Arkansas;

(j)    That said Defendants failed to use ordinary care under the circumstances then and there existing; and

Each of these acts and omissions, taken singularly or in combination with others constitutes negligence and was a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

13.    Defendant E&S was negligent in the hiring, training, instruction, supervision and allowing the continued employment of Defendant McDaniels and its negligence was a direct and proximate cause of this occurrence.

14.    Defendant McDaniels was responsible for cargo securement during transport. The acts and/or omissions of Defendant McDaniels in failing to ensure the cargo was secure and safe at all times were a direct and proximate cause of the injuries and damages sustained by Plaintiff.

15.    At the time of the incident described above, Defendant McDaniels was the agent, servant, and employee of Defendant E&S and was acting within the course and scope of his authority as such agent, servant, and employee. As such, Defendant E&S is vicariously liable under the doctrine of *Respondeat Superior* for the actions of Defendant McDaniels.

4

16.     Defendant Coastal Drilling was responsible for properly loading and safely securing the oil rig to the flatbed trailer. The acts and/or omissions of Defendant Coastal Drilling in failing to properly and safely secure the oil rig, specifically failure to insert the pin in the unsecured arm, were a direct and proximate cause of the injuries and damages sustained by Plaintiff.

17.     As a direct result of Defendants' negligence, Plaintiff suffered serious injuries to multiple parts of his body, including but not limited to a traumatic brain injury; brain hematoma with swelling; coma induced by hospital; vision loss; hearing loss; swallowing difficulties; cognitive deficits and vertigo. Plaintiff was transported by ambulance to Regional One Health in Memphis, Tennessee for emergency medical treatment. Plaintiff remained in a coma for several days and spent 27 days in the hospital.  Plaintiff has experienced physical pain and mental anguish in the past and will continue to do so, most likely for the duration of his life, as a result of this incident. Plaintiff has incurred reasonable and customary medical charges and expenses in the past for necessary medical treatment and will continue to incur medical charges and expenses in the future as a result of his injuries.

18.     As a result of the injuries sustained, Plaintiff has incurred a loss of earnings and earning capacity and will continue to lose earnings in the foreseeable future.

19.     In light of the above and foregoing injuries and damages, Plaintiff prays for judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity.

20.     Plaintiffs reserve the right to amend and plead further in this cause.

21.     Plaintiffs demand a trial by jury.

**WHEREFORE,** Plaintiffs prays for judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity; that he be awarded past and future medical expenses; that Plaintiff be awarded lost past and future earnings and/or loss of earning capacity as set forth further herein; that he be compensated for his pain, suffering, mental anguish, scarring and disfigurement; that his injuries are permanent in nature; that he be awarded compensatory and punitive damages against the Defendants in a sum in excess of the minimum jurisdictional limits of this Court; that he be awarded pre-judgment and post-judgment interest at the maximum legal rate provided by law; he  they recover from Defendant his costs herein expended, such costs to include a reasonable attorney's fees and costs pursuant to Ark. Code Ann. § 16-118-107; and that he receives any and all other relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED this *15* day of July, 2016.

Respectfully submitted,

Jerry Mross, **PLAINTIFF**

By: _____

Bill Stanley (92033)
Jared Woodard (2004148)
**STANLEY & WOODARD, PLC**
326 S. Church
Jonesboro, AR  72401
(870) 932-2000 (phone)
(870) 972-9999 (facsimile)
bill@stanleywoodard.com
jared@stanleywoodard.com

*Attorneys for the Plaintiffs*

6

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

JERRY MROSS                                                                PLAINTIFF

vs.                               **CASE NO.: CV 2016-417**

**E&S CONTRACTING, INC;**                                          DEFENDANTS
**COASTAL DRILLING EAST, LLC;**
**MARK MCDANIELS, individually; and,**
**SHAFT DRILLERS INTERNATIONAL, LLC**

### AMENDED COMPLAINT

COMES NOW Plaintiff JERRY MROSS by and through his attorneys, STANLEY &

WOODARD, PLC and for his Amended Complaint against Defendants E&S CONTRACTING,

INC.; COASTAL DRILLING EAST, LLC; MARK MCDANIELS, individually; and, SHAFT

DRILLERS INTERNATIONAL, LLC, states as follows:

#### JURISDICTIONAL STATEMENT

1.      Plaintiff, Jerry Mross, is a resident of 4301 Hwy 183, Cherry Valley, AR 72324.

2.      Defendant E&S Contracting, Inc. (hereinafter "E&S") is a foreign for-profit

interstate trucking company located at Route 1 Wyatt Rd, Shinnston, West Virginia, 26431.

Service of process may be made on this defendant via Stephen Moore, President of E&S

Contracting, Inc.

3.      Defendant Coastal Drilling East, LLC. (hereinafter "Coastal Drilling") is a foreign

for-profit geotechnical construction company located at 130 Meadow Ridge Rd., Mt. Morris, PA

15349.  Service of process may be made on this Defendant via Corporation Service Company,

300 S. Spring St., Little Rock, AR, 72201.

4.      Defendant Mark McDaniels is a resident of 607 West Main, Grafton, West

Virginia, 26354.

EXHIBIT

**B**

5.     Shaft Drillers International, LLC (hereinafter "Shaft Drillers") is a foreign for-profit geotechnical construction company located at 130 Meadow Ridge Rd., Mt. Morris, PA, 15349 and the parent company of Defendant Coastal Drilling. Shaft Drillers is involved with management, oversight, and control of Coastal Drilling. Service of process may be made on this Defendant via Scott Kiger, President of Shaft Drillers at 130 Meadow Ridge Rd., Mt. Morris, PA, 15349.

6.     This cause-of-action concerns a December 4, 2015 incident on Hwy 64 in Crittenden County between Plaintiff and a drilling rig owned by Defendant Coastal Drilling being transported by Defendant McDaniels on a tractor trailer owned by Defendant E&S.

7.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

8.     Pursuant to Ark Code Ann. §§ 16-13-201 and 16-55-213(1), jurisdiction and venue are proper in this court.

## FACTUAL ALLEGATIONS

9.     Defendant E&S was engaged in the business of a motor carrier engaged in interstate commerce, operating commercial vehicles and subject to the rules and regulations of the United States Federal Highway Administration, Department of Transportation, using the roads and highways of the United States and specifically, the State of Arkansas. Defendant E&S was the employer of Defendant McDaniels on December 4, 2015.

10.    Both the tractor and trailer operated by Defendant McDaniels and owned by Defendant E&S are commercial motor vehicles as defined by federal regulations and each vehicle is subject to the inspection, maintenance, insurance, and operational limitations

2

requirements of the regulations promulgated by the Federal Highway Administration and Department of Transportation.

11.     Defendant Coastal Drilling owned a 31.5-foot drilling rig (hereinafter "rig") that was being used by employees or representatives of Coastal Drilling in Heber Springs, Arkansas. After the rig was used, it was loaded by employees of Defendant Coastal Drilling on a flat-bed trailer owned by Defendant E&S.

12.     Defendant Shaft Drillers is the parent company of Coastal Drilling and provided management, oversight and control of Coastal Drilling, including on December 4, 2015 and all relevant times before and after the crash.

13.     Plaintiff brings this suit to recover for personal injuries and damages sustained in a crash with the rig. This collision and the resulting injuries to Plaintiff were proximately caused by the negligence of the Defendants.

14.     On or about December 4, 2015, Plaintiff was driving a 2010 Toyota Corolla and traveling west on Hwy 64 in rural Crittenden County, Arkansas. Defendant McDaniels was operating a 2004 Kenworth tractor owned by and bearing the logo of Defendant E&S. The tractor was bearing West Virginia plate number BA528888 and trailer was bearing West Virginia plate number D144933 while hauling the rig, previously loaded by Defendant Coastal Drilling.

15.     Defendant McDaniels was traveling east on Hwy 64 in rural Crittenden County, Arkansas. As Plaintiff's vehicle approached Defendant McDaniels' tractor-trailer on Hwy 64, an unsecured arm of the rig was stretched out into the westbound lane of traffic. Plaintiff did not see the unsecured arm until it was too late and violently collided with same, resulting in the top of his vehicle nearly sheared off. The force of the impact caused catastrophic injuries and damages

3

to Plaintiff. The Arkansas Motor Vehicle Crash report confirms under vehicle defects, "incorrectly loaded cargo."

## NEGLIGENCE

16.     Plaintiff will show that the acts and/or omissions of negligence of the Defendants, as set forth herein, separately and collectively, were the direct and proximate cause of the injuries and damages sustained by Plaintiff. The acts and omissions of negligence of the Defendants among others, are as follows:

(a)     Driver inattention;

(b)     Failing to operate vehicle at a proper speed under the circumstances then and there existing;

(c)     Failing to keep a proper lookout for other vehicles using the roadway;

(d)     Failing to keep a proper lookout for potential hazards in the roadway;

(e)     Failing to properly secure the load being transported;

(f)     Failing to ensure the load was properly secured at all times during transport;

(g)     Failing to ensure the load was not interfering with other vehicles;

(h)     That said Defendants failed to follow the United States Department of Transportation rules and regulations controlling a commercial driver operating a commercial vehicle in interstate commerce;

(i)     That said Defendants failed to follow the rules and regulations of the State of Arkansas of controlling a commercial driver operating a commercial vehicle in the State of Arkansas;

(j)     That said Defendants failed to use ordinary care under the circumstances then and there existing; and

Each of these acts and omissions, taken singularly or in combination with others constitutes negligence and was a direct and proximate cause of the injuries and damages sustained by Plaintiff.

17.    Defendant E&S was negligent in the hiring, training, instruction, supervision and allowing the continued employment of Defendant McDaniels and its negligence was a direct and proximate cause of this occurrence.

18.    Defendant McDaniels was responsible for cargo securement during transport. The acts and/or omissions of Defendant McDaniels in failing to ensure the cargo was secure and safe at all times were a direct and proximate cause of the injuries and damages sustained by Plaintiff.

19.    At the time of the incident described above, Defendant McDaniels was the agent, servant, and employee of Defendant E&S and was acting within the course and scope of his authority as such agent, servant, and employee. As such, Defendant E&S is vicariously liable under the doctrine of *Respondeat Superior* for the actions of Defendant McDaniels. In the alternative, Defendant McDaniels was driving a truck owned by Defendant E&S and bearing the logo of E&S, invoking logo liability.

20.    Defendants Coastal Drilling and Shaft Drillers were collectively responsible for properly loading and safely securing the rig to the flatbed trailer. The acts and/or omissions of Defendants for failing to properly and safely secure the rig, specifically failure to insert the pin in the unsecured arm, were a direct and proximate cause of the injuries and damages sustained by Plaintiff.

21.    As a direct result of Defendants' negligence, Plaintiff suffered serious injuries to multiple parts of his body, including but not limited to a traumatic brain injury; brain hematoma with swelling; coma induced by hospital; vision loss; hearing loss; swallowing difficulties; cognitive deficits and vertigo. Plaintiff was transported by ambulance to Regional One Health in Memphis, Tennessee for emergency medical treatment. Plaintiff remained in a coma for several days and spent 27 days in the hospital.  Plaintiff has experienced physical pain and mental

anguish in the past and will continue to do so, most likely for the duration of his life, as a result of this incident. Plaintiff has incurred reasonable and customary medical charges and expenses in the past for necessary medical treatment and will continue to incur medical charges and expenses in the future as a result of his injuries.

22.     As a result of the injuries sustained, Plaintiff has incurred a loss of earnings and earning capacity and will continue to lose earnings in the foreseeable future.

23.     In light of the above and foregoing injuries and damages, Plaintiff prays for judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity.

24.     Pursuant to Ark. Code Ann. § 16-55-206, Defendants knew or ought to know that their collective conduct, in failing to secure the arm of a geothermal drilling rig loaded on a flat-bed trailer and hauling the rig across the country, would naturally and probably result in injury or damage and that this conduct was continued in reckless disregard of the consequences, from which malice may be inferred. As such Plaintiff is entitled to recover punitive damages against the Defendants.

25.     Plaintiff reserves the right to amend and plead further in this cause.

26.     Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays for judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity; that he be awarded past and future medical expenses; that Plaintiff be awarded lost past and future earnings and/or loss of earning capacity as set forth further herein; that he be compensated for his pain, suffering, mental anguish, scarring and disfigurement; that his injuries are permanent in nature; that he be awarded compensatory and punitive damages against the Defendants in a sum in excess of the minimum

jurisdictional limits of this Court; that he be awarded pre-judgment and post-judgment interest at the maximum legal rate provided by law; he  they recover from Defendant his costs herein expended, such costs to include a reasonable attorney's fees and costs pursuant to Ark. Code Ann. § 16-118-107; and that he receives any and all other relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED this 10th day of August, 2016.

Jerry Mross, **PLAINTIFF**

By:

Bill Stanley (92033)
Jared Woodard (2004148)
**STANLEY & WOODARD, PLC**
326 S. Church
Jonesboro, AR  72401
(870) 932-2000 (phone)
(870) 972-9999 (facsimile)
bill@stanleywoodard.com
jared@stanleywoodard.com

*Attorneys for the Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT
### JONESBORO DIVISION

**JERRY MROSS**                                        **PLAINTIFF**

V.                           CASE NO.:_____

**E&S CONTRACTING, INC.;**
**SHAFT DRILLERS INTERNATIONAL, LLC**
**d/b/a COASTAL DRILLING EAST, LLC; and**
**MARK MCDANIELS, Individually**                   **DEFENDANTS**

### CONSENT TO REMOVAL

Defendants Shaft Drillers International, LLC d/b/a Coastal Drilling East,

LLC and Coastal Drilling East, LLC hereby consent to the removal of this action

from the Circuit Court of Crittenden County, Arkansas, to the United States

District Court for the Eastern District of Arkansas, Jonesboro Division.

Dated August 26, 2016.

_____
Robert Henry
J. Carter Fairley
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201
501.372.6175
cfairley@barberlawfirm.com
rhenry@barberlawfirm.com

*Attorneys for Shaft Drillers International,*
*LLC*

EXHIBIT

C

1333240-v1