**IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS**
**CIVIL DIVISION**

**JERRY MROSS** **PLAINTIFF**

**vs.** **CASE NO.:** CV 2016-417

**E&S CONTRACTING, INC;**
**SHAFT DRILLERS INTERNATIONAL, LLC**
**d/b/a COASTAL DRILLING EAST, LLC; and**
**MARK MCDANIELS, individually** **DEFENDANTS**

FILED
18 AM 10:53

**COMPLAINT**

COMES NOW Plaintiff JERRY MROSS by and through his attorneys, STANLEY & WOODARD, PLC and for his Complaint against Defendants E&S CONTRACTING, INC.; SHAFT DRILLERS INTERNATIONAL, LLC d/b/a COASTAL DRILLING EAST, LLC; and MARK MCDANIELS, individually, states as follows:

**JURISDICTIONAL STATEMENT**

1. Plaintiff, Jerry Mross, is a resident of 4301 Hwy 183, Cherry Valley, AR 72324.

2. Defendant E&S Contracting, Inc. (hereinafter "E&S") is foreign for-profit interstate trucking company located at Route 1 Wyatt Rd, Shinnston, West Virginia, 26431. Service of process may be made on this defendant via Stephen Moore, President of E&S Contracting, Inc.

3. Defendant Shaft Drillers International, LLC d/b/a Coastal Drilling East, LLC. (hereinafter "Coastal Drilling") is a foreign for-profit shaft and geotechnical construction company located at 130 Meadow Ridge Rd., Mt. Morris, PA 15349. Service of process may be made on this Defendant via Corporation Service Company, 300 S. Spring St., Little Rock, AR, 72201.

4. Defendant Mark McDaniels is a resident of 607 West Main, Grafton, West Virginia, 26354.

5. This cause-of-action concerns a December 4, 2015 incident on Hwy 64 in Crittenden County between Plaintiff and an oil rig owned by Defendant Coastal Drilling being transported by Defendant McDaniels on a tractor trailer owned by Defendant E&S.

6. Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

7. Pursuant to Ark Code Ann. §§ 16-13-201 and 16-55-213(1), jurisdiction and venue are proper in this court.

**FACTUAL ALLEGATIONS**

8. Defendant E&S was engaged in the business of a motor carrier engaged in interstate commerce, operating commercial vehicles and subject to the rules and regulations of the United States Federal Highway Administration, Department of Transportation, using the roads and highways of the United States and specifically, the State of Arkansas. Defendant E&S was the employer of Defendant McDaniels on December 4, 2015.

9. Both the tractor and trailer operated by Defendant McDaniels are commercial motor vehicles as defined by federal regulations and each vehicle is subject to the inspection, maintenance, insurance, and operational limitations requirements of the regulations promulgated by the Federal Highway Administration and Department of Transportation.

10. Defendant Coastal Drilling owned a 31.5-foot oil rig (hereinafter "oil rig") that was being used by employees or representatives of Coastal Drilling in Heber Springs, Arkansas. After the oil rig was used, it was loaded by employees of Defendant Coastal Drilling on a flat-bed trailer owned by Defendant E&S.

11. Plaintiff brings this suit to recover for personal injuries and damages sustained in a crash with the oil rig. This collision and the resulting injuries to Plaintiff were proximately caused by the negligence of the Defendants.

12. On or about December 4, 2015, Plaintiff was driving a 2010 Toyota Corolla and traveling west on Hwy. 64 in rural Crittenden County, Arkansas. Defendant McDaniels was operating a 2004 Kenworth tractor owned by and bearing the logo of Defendant E&S and bearing West Virginia plate number BA528888 and trailer bearing West Virginia plate number D144933 while hauling the oil rig, previously loaded by Defendant Coastal Drilling.

13. Defendant McDaniels was traveling east on Hwy 64 in rural Crittenden County, Arkansas. As Plaintiff's vehicle approached Defendant, McDaniels' tractor-trailer, an unsecured arm of the oil rig was stretched out into the westbound lane of traffic. Plaintiff did not see the unsecured arm until it was too late and violently collided with same, resulting in the top of his vehicle nearly sheared off. The force of the impact caused catastrophic injuries and damages to Plaintiff.

## NEGLIGENCE

12. Plaintiffs will show that the acts and/or omissions of negligence of the Defendants, as set forth herein, separately and collectively, were the direct and proximate cause of the injuries and damages sustained by Plaintiff. The acts and omissions of negligence of the Defendants among others, are as follows:

(a) Driver inattention;

(b) Failing to operate his vehicle at a proper speed under the circumstances then and there existing;

(c) Failing to keep a proper lookout for other vehicles using the roadway;

(d) Failing to keep a proper lookout for potential hazards in the roadway;

(e) Failing to properly secure the load being transported;

(f) Failing to ensure the load was properly secured at all times during transport;

(g) Failing to ensure the load was not interfering with other vehicles;

(h) That said Defendants failed to follow the United States Department of Transportation rules and regulations controlling a commercial driver operating a commercial vehicle in interstate commerce;

(i) That said Defendants failed to follow the rules and regulations of the State of Arkansas of controlling a commercial driver operating a commercial vehicle in the State of Arkansas;

(j) That said Defendants failed to use ordinary care under the circumstances then and there existing; and

Each of these acts and omissions, taken singularly or in combination with others constitutes negligence and was a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

13. Defendant E&S was negligent in the hiring, training, instruction, supervision and allowing the continued employment of Defendant McDaniels and its negligence was a direct and proximate cause of this occurrence.

14. Defendant McDaniels was responsible for cargo securement during transport. The acts and/or omissions of Defendant McDaniels in failing to ensure the cargo was secure and safe at all times were a direct and proximate cause of the injuries and damages sustained by Plaintiff.

15. At the time of the incident described above, Defendant McDaniels was the agent, servant, and employee of Defendant E&S and was acting within the course and scope of his authority as such agent, servant, and employee. As such, Defendant E&S is vicariously liable under the doctrine of *Respondeat Superior* for the actions of Defendant McDaniels.

16. Defendant Coastal Drilling was responsible for properly loading and safely securing the oil rig to the flatbed trailer. The acts and/or omissions of Defendant Coastal Drilling in failing to properly and safely secure the oil rig, specifically failure to insert the pin in the unsecured arm, were a direct and proximate cause of the injuries and damages sustained by Plaintiff.

17. As a direct result of Defendants' negligence, Plaintiff suffered serious injuries to multiple parts of his body, including but not limited to a traumatic brain injury; brain hematoma with swelling; coma induced by hospital; vision loss; hearing loss; swallowing difficulties; cognitive deficits and vertigo. Plaintiff was transported by ambulance to Regional One Health in Memphis, Tennessee for emergency medical treatment. Plaintiff remained in a coma for several days and spent 27 days in the hospital. Plaintiff has experienced physical pain and mental anguish in the past and will continue to do so, most likely for the duration of his life, as a result of this incident. Plaintiff has incurred reasonable and customary medical charges and expenses in the past for necessary medical treatment and will continue to incur medical charges and expenses in the future as a result of his injuries.

18. As a result of the injuries sustained, Plaintiff has incurred a loss of earnings and earning capacity and will continue to lose earnings in the foreseeable future.

19. In light of the above and foregoing injuries and damages, Plaintiff prays for judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity.

20. Plaintiffs reserve the right to amend and plead further in this cause.

21. Plaintiffs demand a trial by jury.

**WHEREFORE,** Plaintiffs prays for judgment in an amount that exceeds the minimum requirements for jurisdiction in federal court based on diversity; that he be awarded past and future medical expenses; that Plaintiff be awarded lost past and future earnings and/or loss of earning capacity as set forth further herein; that he be compensated for his pain, suffering, mental anguish, scarring and disfigurement; that his injuries are permanent in nature; that he be awarded compensatory and punitive damages against the Defendants in a sum in excess of the minimum jurisdictional limits of this Court; that he be awarded pre-judgment and post-judgment interest at the maximum legal rate provided by law; he they recover from Defendant his costs herein expended, such costs to include a reasonable attorney's fees and costs pursuant to Ark. Code Ann. § 16-118-107; and that he receives any and all other relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED this 15th day of July, 2016.

Respectfully submitted,

Jerry Mross, **PLAINTIFF**

By: ______________________

Bill Stanley (92033)
Jared Woodard (2004148)
**STANLEY & WOODARD, PLC**
326 S. Church
Jonesboro, AR 72401
(870) 932-2000 (phone)
(870) 972-9999 (facsimile)
bill@stanleywoodard.com
jared@stanleywoodard.com

*Attorneys for the Plaintiffs*