IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JERRY MROSS**                                                                                                    **PLAINTIFF**

v.                                          Case No. 3:16-cv-00223 KGB

**E&S CONTRACTING, INC.,** *et al.*                                                              **DEFENDANTS**

**ORDER**

Before the Court is a joint motion to consolidate filed by separate defendants E&S Contracting, Inc., Mark McDaniels, and Coastal Drilling East, LLC (Dkt. No. 17). The defendants request that the Court consolidate this action with *Elton Smith v. E&S Contracting, Inc., et al.*, Case No. 3:17-cv-00005-KGB pursuant to Federal Rule of Civil Procedure 42(a). Plaintiff Elton Smith does not object to the consolidation of these actions. Plaintiff Jerry Mross argues that the motion to consolidate should be "denied, or in the alternative, granted only for purposes of discovery[,]" with Mr. Mross's claims being tried separately from Mr. Smith's claims (Dkt. No. 20, at 3).

There is no dispute that both actions arise out of an automobile accident involving Mr. Mross and Mr. Smith that occurred in Crittenden County, Arkansas, on December 4, 2015 (Dkt. No. 18, at 1; Dkt. No. 21, at 1). Mr. Mross was the driver of a vehicle in which Mr. Smith was a passenger (*Id.*). Both sue separate defendants E&S Contracting, Inc., Mark McDaniels, and Coastal Drilling East, LLC, for damages allegedly caused by the defendants' negligence.

The defendants argue, and Mr. Smith does not dispute, that these actions should be consolidated as they "involve common issues of law and fact" and "consolidation will serve the interests of judicial economy by preventing duplicative discovery and motion practice" (Dkt. No. 18, at 2). The defendants also contend, and Mr. Smith does not dispute, that "no party will suffer

prejudice due to the consolidation of these actions" (*Id.*). In response, Mr. Mross "agrees that both the Mross and Smith cases involve common questions of law and/or fact" and "that consolidation of the two cases for purposes of discovery will serve the interests of judicial economy and convenience" (Dkt. No. 21, at 2). However, Mr. Mross argues that the Court should deny the motion to consolidate these cases, or order separate trials for each plaintiff, because complete consolidation of these cases would result in unfair prejudice (*Id.*, at 3).

Mr. Mross claims that he would be prejudiced for two reasons. First, he alleges that Mr. Smith was arrested at the scene of the accident for violation of his parole and that Mr. Smith's criminal issues, which Mr. Mross contends "are likely admissible," would be unfairly prejudicial to Mr. Mross before a jury (Dkt. No. 20, at 2-3). Second, Mr. Mross contends that there is a "gross disparity" between the injuries and damages he allegedly suffered and the injuries and damages Mr. Smith allegedly suffered in the accident (Dkt. No. 21, at 3). Mr. Mross argues that consolidation of these cases would prejudice him because "it would be confusing for the jury to keep track and differentiate between the various injuries, treatment plans and expert testimony offered by each Plaintiff at trial" (*Id.*).

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate actions if they "involve a common question of law or fact." Federal Rule of Civil Procedure 42(b) provides that "to avoid prejudice . . . the court may order a separate trial of one or more separate issues [or] claims . . . ." There is no dispute that Mr. Mross and Mr. Smith's cases involve a number of common questions of law and fact and that consolidation would prevent duplicative discovery (Dkt. No. 18, at 2; Dkt. No. 21, at 2). The Court finds that consolidation would also prevent duplicative motion practice, as the issue of liability appears to be the same in both cases. Therefore, the Court grants defendants' joint motion to consolidate (Dkt. No. 17).

This action is consolidated with *Elton Smith v. E&S Contracting, Inc., et al.*, Case No. 3:17-cv-00005-KGB. Under General Order 39 of the United States District Court for the Eastern District of Arkansas, if a motion for consolidation is granted, "the consolidation cases will be assigned to the judge with the lower (lowest) case number." Here, the *Mross* case has the lower case number. Therefore, the *Smith* case shall be consolidated with and into the *Mross* case before the undersigned Judge. All parties are directed to make filings only in *Jerry Mross v. E&S Contracting, Inc., et al.*, Case No. 3:16-cv-00223-KGB, going forward. The Clerk of the Court is directed to file a copy of this Order in *Elton Smith v. E&S Contracting, Inc., et al.*, Case No. 3:17-cv-00005-KGB.

To the extent that Mr. Mross moves for a separate trial pursuant to Federal Rule of Civil Procedure 42(b), the Court denies his request without prejudice. Based on the existing record, the Court is not persuaded that separate trials are necessary to avoid prejudice to Mr. Mross. Mr. Mross argues that he would be prejudiced by the admission of Mr. Smith's alleged criminal issues as well as the alleged disparity between his claimed damages and Mr. Smith's claimed damages. At this stage of the litigation, the Court determines that it would be premature to determine that separate trials are necessary or appropriate. On a more fully developed record, the parties, if they choose to do so, may request that the Court reconsider this issue.

So ordered this 16th day of February, 2017.

_____
Kristine G. Baker
United States District Judge